758 F.2d 998
 Lyndon H. LaROUCHE, Jr., Thomas Allred, Barbara Schlageter,
Marsha Allred, Ruby Gardiner, and Nancy T.
Landsperger, Appellees,
v.
STATE BOARD OF ELECTIONS; Robert W. Spearman, Chairman;
Alex K. Brock, Executive Secretary; Elloree M.
Erwin, Ruth T. Semashko, William A.
Marsh, Jr., and Robert R.
Browning, Appellants.
 No. 84-1324.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Nov. 29, 1984.
Decided April 4, 1985.
 
 1
 Rufus L. Edmisten, Atty. Gen., James Wallace, Jr., Deputy Atty. Gen., Raleigh, N.C., for Legal Affairs on brief, for appellants.
 
 
 2
 Odin P. Anderson, Boston, Mass., Robert L. Rossi, Cambridge, Mass., on brief, for appellees.
 
 
 3
 Before PHILLIPS and CHAPMAN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 
 MICHAEL, District Judge:
 
 4
 This appeal concerns a preliminary injunction requiring the state of North Carolina to place the name of Lyndon H. LaRouche on the presidential primary ballot for the state's 1984 primary election. The state had previously refused to place LaRouche's name on the primary ballot because the state's Board of Elections determined that LaRouche had not met all the requirements of the applicable state statute. Following the district court's entry of the preliminary injunction, the state secured a stay of the preliminary injunction and held the primary election without LaRouche's name on the ballot. Notwithstanding that fact, the state now appeals the order granting the preliminary injunction, contending that the district court improperly applied the statute at issue. Although both the primary and general elections have now been held, we believe this appeal is not moot because it presents facts which are "capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1910). Consequently, we must examine the applicable state statute to determine whether the district court erred in granting the preliminary injunction.
 
 
 5
 The applicable state statute provides, in part, that persons seeking to be placed on the presidential primary ballot must be eligible to receive presidential matching fund payments pursuant to 26 U.S.C. Sec. 9033, as amended.[1] N.C.Gen.Stat. Sec. 163-213.4. The Federal Election Committee (FEC) is responsible for determining whether presidential candidates are eligible for such matching fund payments.
 
 
 6
 Prior to the state's 1984 presidential primary election, the FEC received an application from the LaRouche Campaign for matching funds certification. Although the Campaign had met certain threshold requirements for certification, the FEC determined that LaRouche had not adequately complied with 26 U.S.C. Sec. 9033(a)(3). That section provides that the candidate must agree to pay amounts required to be paid based on FEC audits of the candidate's campaign. LaRouche had submitted such an agreement, but the FEC found it to be inadequate because LaRouche and his Campaign had not honored a virtually identical agreement made in connection with the 1980 presidential election.[2]
 
 
 7
 Based on that finding, the FEC denied the LaRouche Campaign's application for certification. Thus, pursuant to Sec. 163-213.4, the state's Election Board decided that LaRouche's name could not be placed on the state's 1984 presidential primary ballot.
 
 
 8
 In response to the Election Board's decision, LaRouche filed a complaint in federal district court seeking to enjoin the primary election. The district court ruled that there was no due process violation stemming from the state's adoption of the federal matching funds criteria as a part of its standard for placement on the presidential primary ballot. Nevertheless, the district court concluded that the Election Board had erred in not placing LaRouche's name on the primary ballot. The district court recognized that LaRouche had not obtained FEC certification. However, relying on the parties' remarks during oral argument, the district court determined that LaRouche had fulfilled the federal criteria, and thus was eligible to receive federal matching fund payments. As a result, the district court found that LaRouche had met the requirements of Sec. 163-213.4, and therefore should have been placed on the primary ballot. Consequently, the district court enjoined the primary election from proceeding without LaRouche's name on the ballot.
 
 
 9
 We agree with that portion of the district court's decision which concluded that there was no due process violation stemming from the state's adoption of the federal criteria. The state has apparently determined that its resources do not permit the necessarily full investigation of the qualifications of national presidential candidates. The state's adoption of the federal criteria is a permissible means for furthering the valid state interest of insuring that only viable candidates compete in the state's presidential primary elections. Thus, we find no error in the district court's due process analysis here.
 
 
 10
 Nevertheless, we believe that the district court erred in concluding that LaRouche was eligible to receive matching fund payments. Notwithstanding the parties' remarks during oral argument, the record discloses that LaRouche had not complied with 26 U.S.C. Sec. 9033(a)(3), providing that the candidate agree to pay amounts owed based on FEC audits. Due to LaRouche's failure to honor his Sec. 9033(a)(3) agreement concerning the 1980 presidential election, the FEC legitimately concluded that LaRouche's Sec. 9033(a)(3) agreement for the 1984 presidential election was inadequate.
 
 
 11
 Although the district court apparently did not focus on the requirements of Sec. 9033(a)(3), the state has clearly adopted all the federal matching funds criteria as part of the standard for placement on the state's presidential primary ballot. Since LaRouche did not fulfill all the federal criteria, the district court erred in enjoining the primary election from proceeding without LaRouche's name on the ballot.
 
 
 12
 For the reasons stated, the district court's preliminary injunction, stayed until now, is vacated, and the Order granting the preliminary injunction is reversed.
 
 
 13
 VACATED AND REVERSED.
 
 
 
 [1]
 The statute also provides that a candidate can qualify for the presidential primary election by filing 10,000 verified signatures of North Carolina voters of his party. Since that provision is not at issue here, we do not discuss it
 
 
 [2]
 Based on a 1982 audit of the 1980 LaRouche Campaign, the FEC determined that the Campaign owed $54,761.84 repayment and a $15,000 fine. Despite the above-mentioned agreement by LaRouche, the 1980 Campaign refused to pay those amounts and commenced litigation concerning its liability for those amounts